IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELLE ROBERTSON,

        Plaintiff,

v.

LINDER & ASSOCIATES, INC.,

        Defendant.

Case No. 11-CV-1022-KHV-GLR

## PROTECTIVE ORDER

Upon submission of the Parties, and it appearing to the Court that:

A.     The Parties will engage in discovery in this case which may require the production of documents, the inspection of tangible things, the answering of interrogatories and requests for admissions, the taking of oral and written depositions, and the conducting of physical and/or mental examination of Plaintiff.

B.     In the course of discovery, confidential personnel, medical, personal, financial, and other confidential information is likely to be produced by the Parties or other Persons or entities.

C.     The Parties are interested in permitting discovery to proceed without delay occasioned by possible disputes about the confidential nature of the documents and information being produced.

D.     The Parties have applied to the Court for a Protective Order limiting the disclosure of confidential documents and information produced in this matter.

E.     Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information and documents for good cause.

F.     Good cause exists for the issuance of this Protective Order.

IT IS HEREBY ORDERED THAT:

1. The following definitions shall apply for purposes of this Protective Order:

    a. "Confidential Information" means all medical information, financial information, personnel files, trade secrets, proprietary information, and/or materials maintained and affirmatively treated as confidential before the filing of this case of a Party or third person whether produced pursuant to the Federal Rules of Civil Procedure, any document request, subpoena, or order in this case; in answers to interrogatories, requests to admit and depositions on written questions served in this case; designated oral deposition testimony given in this case; and all documents reflecting the results of an inspection, testing, or sampling of any tangible thing requested in this case. A document may be designated as Confidential Information by either stamping or marking it "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or "PROTECTED DOCUMENT," or otherwise identifying it as proprietary or confidential by the use of these words or other similar language. Deposition testimony may be designated as Confidential Information by identifying the relevant portions on the record at the deposition or by sending written notice specifying those portions to each Party within 21 days of the date the transcript of those portions of the deposition is received by the Designating Person.

    b. "Person" means any natural person and any corporation, partnership, association, or other entity.

   c. "Party" or "Parties" means Plaintiff Michelle Robertson, Defendant Linder & Associates, Inc., and any other Person that may become a named party to this case.

   d. "Designating Person" means the Person or Party responsible for producing any material that is designated as confidential.

 2. The party producing any documents or information subject to this protective order shall have the right to use its discretion in designating materials subject to this order to be confidential information. However, the party shall be obligated to designate only documents or information which it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations. Further, wherever possible, personal information that is not relevant shall be redacted, rather than designating an entire document or category of documents as confidential.

 3. Except with the prior written consent of the Designating Person, Confidential Information may not be copied and/or disclosed to any Person other than:

   a. A Party, including any officer, director, employee, agent, or representative of or attorney for a Party;

   b. The Court and court personnel;

   c. Counsel of record for a Party and their legal associates, paralegals, and office staff;

   d. In-house counsel for a Party and their paralegals and office staff;

    e.    Any independent document reproduction services or document recording and retrieval services;

    f.    Outside experts, consultants, advisors, and analysts retained or consulted for the purpose of assisting a Party in the preparation and trial of this case. This category of individuals does not include Persons informally consulted for assistance with preparation and trial of this case.

    g.    Employees of a Party whose job responsibilities and special knowledge relate to the subject matter of that Confidential Information;

    h.    Witnesses being deposed;

    i.    Any witness, provided counsel has a good faith belief the witness needs to review the confidential document (except that any such witness will not be given a copy of the confidential document);

    j.    Any other person from whom testimony is to be taken or is taken, but only in preparation for or during his or her testimony and only to the extent necessary for such preparation or testimony and for the subsequent review of said testimony;

    k.    Any mediator agreed to by the parties, but not appointed by the Court; and

    l.    Any individual not listed herein, but agreed to by the Parties.

4.    To the extent any Confidential Information is disclosed to a non-Party as provided in Sections 3(f) through (l) above, said individual shall be provided with a copy of this Protective Order prior to review of any Confidential Information and shall be required to sign a disclosure statement attesting that they have reviewed the Protective Order, understand its contents and agree

to abide by the same confidentiality obligations, limitations, and restrictions set out in this Protective Order.

5. In the event that a party disputes the propriety of the designation of any material or information as confidential, the parties shall engage in good faith efforts to resolve the dispute. In the event the parties cannot agree whether material or information is properly designated as confidential, the party objecting to the designation shall have fifteen (15) days from the declaration of impasse to file a motion with the Court. The party seeking the confidential designation bears the burden of demonstrating to the Court that the material should be treated as confidential. Disputed material shall be treated as confidential pending a ruling from the Court. The 15-day period shall run from notice in writing, with reference to Paragraph 5 of this Protective Order, by either party that the disputed designation cannot be resolved without Court intervention.

6. All Confidential Information shall be used and disclosed solely for purposes of the preparation and trial of this case and shall not be used or disclosed for any other purpose, unless ordered by this Court, or another Court with jurisdiction, or any administrative agency with jurisdiction. The Parties agree, however, that upon written notice to the producing Party, Confidential Information may be used to defend ethical or other complaints arising after the final resolution of this matter as long as the confidential status and the use of such documents is subject to protections substantially the same as those set forth in this Order.

7. Final resolution of this matter, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this Order.

8.  Nothing in this Order shall:

    a.  Restrict the right of any Party to disclose any Confidential Information produced or provided by that Party to any other Person;

    b.  Restrict the right of any Party to use any Confidential Information in any hearing or trial in this case; provided, however, that the Parties agree to cooperate prior to any such hearing or trial to develop appropriate procedures for the protection of Confidential Information from disclosure to the public.

        i.   Prior to the time of trial or at such earlier time as it becomes necessary for the Parties to rely upon Confidential Information in connection with a motion or hearing, the Parties shall attempt in good faith to remove the physical label designation of "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or "PROTECTED DOCUMENT," or other labels identifying it as proprietary or confidential by the use of these words or other similar language with respect to deposition transcripts and exhibits thereto to the greatest extent possible.

        ii.  Any party seeking to file a document under seal in this Court, which document contains Confidential Information, must follow the procedures set forth in D. Kan. R. 5.4.6.

        iii. In the event that a party seeks to file documents that have been marked confidential in support of or in opposition to a dispositive motion, or other motion with a deadline, the party's motion pursuant to D. Kan. R. 5.4.6 may be filed simultaneously with the substantive

        motion, which will be deemed timely, even though not all supporting documents will be filed with the substantive motion, so long as they are submitted in connection with D. Kan. R. 5.4.6.

    c.    Prevent any Party from objecting to discovery that the Party believes is improper for any reason; Preclude any Party from seeking or applying any further or additional protection for Confidential Information not provided in this Order;

    d.    Alter the Parties' requirements to comply with Administrative Procedures For Electronic Filing, Signing, And Verifying Pleadings And Papers By Electronic Means In Civil Cases, section II(J).

    e.    Apply to court personnel or members of the jury.

9.    Any notice to a Party required by this Order may be given by notifying that Party's counsel of record in this case or the Party directly if the Party is not represented by counsel. Any act by a Party required by this Order may be performed by that Party's counsel of record in this case or the Party directly if the Party is not represented by counsel.

    IT IS SO ORDERED.

    Dated this 26th day of August, 2011.

                        S/ Gerald L. Rushfelt
                        Gerald L. Rushfelt
                        United States Magistrate Judge